# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RENITA BELTON and MATTHEW ERICKSON on behalf of themselves and all those similarly situated, | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:10-CV-0583-RWS |
| v. | : : |
| STATE OF GEORGIA, et al., | : : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Defendants' Motion to Complete Record [169]. After reviewing the record, the Court enters the following Order.

Following the granting of summary judgment to Plaintiffs on the issue of liability, the Court referred the Parties to mediation [115] for an opportunity to agree upon the appropriate remedy in the case. After mediation did not appear to be making adequate progress, the Court set a hearing to consider evidence from the Parties regarding an appropriate remedy. The day before the hearing, Plaintiffs filed a Motion Seeking Appointment of a Monitor [147].

At the January 4, 2013 hearing, the Court inquired of the Parties whether they would be agreeable to the appointment of a Monitor who would work with the Parties to develop proposed remedies in the case.  The Parties agreed, and so, evidence was not presented at the hearing.  However, Judy Fitzgerald, Deputy Commissioner for the Department of Behavioral Health and Developmental Disabilities, was permitted to make a brief statement to the Court.  (Tr. [163] 38-39.)  The Court received input from the Parties concerning selection of a Monitor, and on February 15, 2013, Roger Williams was appointed Monitor [166].

The Parties were given the opportunity to provide input to the Monitor as he developed proposed remedies.  After the Monitor formulated his proposed remedies, the Parties were afforded the opportunity to comment on the Monitor's recommendation before the Court issued a ruling.  Thereafter, Defendants, on April 30, 2013, filed the Motion to Complete Record [169] that is presently before the Court.   After receiving and considering the recommendation and the Parties' comments, the Court issued its Remedial Order [172] on June 18, 2013.

AO 72A
(Rev.8/82)

In their Motion to Complete Record [169], Defendants request that an affidavit of Judy Fitzgerald be made a part of the record.  Defendants submit that the affidavit "includes the testimonial evidence that would have been introduced through Ms. Fitzgerald's testimony at the evidentiary hearing and/or is included in the comments provided in response to Mr. Williams' proposal." Def.'s Br. [169-1] at 3.  Defendants make their motion "in an abundance of caution" because their comments on Mr. Williams' proposal were not otherwise a part of the record.  Id.

While Defendants may have intended to introduce evidence at the January 4 hearing, Defendants "agreed to proceed without introducing that evidence."  Id.  Thus, the evidence Defendants intended to introduce was not considered by the Court in reaching its decision.  Defendants are correct, however, in pointing out that the comments of the Parties as to Mr. Williams' proposed remedial order were considered by the Court and are not a part of the record.  Therefore, inclusion of those comments would more appropriately complete the record than would the proffered affidavit.

Based on the foregoing, Defendants' Motion to Complete Record [169] is **DENIED**.  However, the Parties are **GRANTED LEAVE** to file their

3

comments that were submitted to the Court in response to the proposed remedial order submitted by the Monitor.

**SO ORDERED**, this   27th   day of August, 2013.


*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge